UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RACQUEL K. MCPHERSON,

                Plaintiff,

      -against-

GOOGLE INC.,

                Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
2:17-CV-03418 (JMA) (GRB)

FILED
CLERK

2/1/2018 1:07 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Racquel K. Mcpherson
    *Pro se Plaintiff*

David H. Reichenberg
Wilson Sonsini Goodrich & Rosati, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

    Pro se plaintiff commenced this action against Google Inc. ("Google"), alleging claims under the Civil Rights Act of 1964 along with state law claims sounding in defamation, slander and intentional infliction of emotional distress. Before the Court is defendant's motion to dismiss the complaint in its entirety, with prejudice, for failure to state a claim. For the reasons stated below, the Court grants defendant's motion.

    **I.    BACKGROUND**

    The following facts are taken from plaintiff's complaint and the record before the Court. In deciding a motion to dismiss, the Court may take judicial notice of public records, including state court filings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). The Court also considers exhibits which are attached or integral to the complaint. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

1

Plaintiff, Racquel K. McPherson is no stranger to the courts. In 2012, plaintiff brought an action against the Honorable P. Kevin Castel, the Honorable Alison J. Nathan, the Honorable Shira A. Scheindlin, the Honorable Richard J. Sullivan, and the United States District Court for the Southern District of New York for alleged judicial misconduct, retaliation and harassment, breach of judicial responsibility, impropriety, negligence and favoritism. (McPherson v. Castel et. al., 1:12-CV-06438, ECF No. 1.) The court dismissed plaintiff's action with prejudice noting, "[p]laintiff's history of vexatious and frivolous litigation reveals a pattern of filing suits intended to harass or intimidate and that impose an unnecessary burden on the courts, judges and their support personnel." (Id. at ECF No. 12.) The court further enjoined plaintiff from filing any new action in the Southern District for five years without first obtaining leave of Court. (Id.)

In 2014, plaintiff, who was attempting to run for Governor, brought a state court action against Governor Cuomo, demanding $500 billion in damages for allegedly conspiring to murder her grandmother. (See Def's Mot. To Dismiss, ECF. No. 15-2.) On Sunday, October 4, 2015, the New York Post published what plaintiff alleged to be a "FAKE NEWS" story entitled "Andy tried to kill my granny: lawsuit". (Compl. ¶ 1.) Plaintiff sued the newspaper but then abandoned the case by failing to serve the complaint. (See Def's Mot. To Dismiss, ECF. No.15-2) (citing McPherson v. New York State, No. 101762/2015 (N.Y. Supreme).) Shortly thereafter, links to the New York Post article appeared in Google's search results. (Compl. ¶ 1.) Plaintiff claims to have contacted Google's CEO and others at Google to present proof that the story is fake and has repeatedly requested Google to either correct the allegedly "fake news" or permanently remove it from her Google page. (Id. ¶¶ 1-2.) Google sent plaintiff a letter dated August 16, 2016, confirming receipt of and denying plaintiff's removal request. (Ltr. attached to Compl., ECF. No. 1-1.) On May 4, 2017, plaintiff filed the instant action against Google in the Supreme Court of

2

the State of New York for the County of Nassau. (Compl. ¶ 1.) On June 7, 2017, pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1367, 1441, and 1446, defendant removed this case to this Court. (Removal Notice, ECF No. 1.)

Plaintiff's complaint is difficult to comprehend and contains repetitive, nonsensical allegations including:

> The lawsuit is brought pursuant to violations of the Civil Rights Act of 1964 Discrimination. In addition, the defendants continue to assassinate my Character causing both real and intangible issues, menacing, bullying, harassment and intimidation, fear, stress, embarrassment, expense, inconvenience and anxiety.
>
> Please note this misleading information which is posted on my GOOGLE Page is threatening to derail any possible additional job prospects, I may have. The defendants continue to act with reckless indifference. GOOGLE has tried to shame me with ALL manner of coded language. Please see attached.

(Compl. ¶ 1.) The complaint then alleges:

> The article written in the New York Post was discriminatory, slanderous, defamed & assassinated my character. It clearly shows racial/media bias, menacing, harassment, Breach of Fiduciary Responsibility & showcases Dishonest/deceitful Business Practice of a media outlet that's supposed to be objective.
>
> The article is outrageous & surpasses conscience shocking!

(Id.) The complaint continues to allege:

> By reason of the facts and circumstances stated above, defendants have breached me.
>
> By reason of the facts and circumstances stated above the defendants conduct directly and proximately caused injury to the plaintiff in the form of discrimination, assassinated my character causing both real and intangible issues, menacing, bullying, harassment and intimidation, fear, stress, embarrassment, expense, inconvenience and anxiety.
>
> Google's Actions have caused undue emotional and financial hardship.
>
> GOOGLE conducted discrimination, breach of ethics & performed less than honest. The article caused both real and intangible issues, workplace harassment and intimidation, fear, stress, embarrassment, expense, inconvenience and anxiety. WHEREFORE, the Plaintiff request judgment in her favor against defendants,

(Compl. ¶ 2.) For relief plaintiff requests:

1. GOOGLE INC permanently removes ALL Court Cases, Rulings and FAKE NEWS Articles from my Google Page.
2. For compensatory damages in the amount of $500 billion dollars.
3. For punitive damages to proven at trial.
4. For an injunction prohibiting the Defendants and all other agents of NYS and USPS from conducting surveillance of any sort against Ms. McPherson without first obtaining a warrant in compliance with the law;
5. For fees and costs; and
6. For such other and further relief as the Court deems just and appropriate.

(Id.) Plaintiff attaches to her complaint a printout of her own "Google Page" and Ivanka Trump's "Google Page", alleging racial discrimination in that Ms. Trump's lawsuits are not displayed on her Google page, while plaintiff's lawsuits are displayed on plaintiff's Google page. (Compl. ¶ 2; Compl. Attach.)

Defendant served the instant motion to dismiss on plaintiff on July 21, 2017 (ECF. No. 13). Plaintiff failed to oppose defendant's motion but rather filed a "summons returned executed" on August 18, 2017 which does not respond to defendant's motion, but rather questions the removal of the case from state court to this Court and addresses allegations the plaintiff had brought in another lawsuit (which she later abandoned) against Governor Andrew Cuomo. (ECF. No. 14.)

## II.   DISCUSSION

### A. Standard for Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550

4

U.S. at 555.  In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).  A defendant may move to dismiss based on an available affirmative defense, and the court may grant the motion on that basis if the defense appears on the face of the complaint.  See Ricci v. Teamsters Union Local 456, 781 F.3d 25, 28 (2d Cir. 2015).  When deciding a motion to dismiss, a court may consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference.  Sira, 380 F.3d at 67.  Furthermore, the Court may take judicial notice of public records, such as state court proceedings.  Blue Tree Hotels Inv. (Canada), Ltd., 369 F.3d at 217.

While a court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

**B.  The Communications Decency Act**

The Communications Decency Act (the "CDA"), codified as 47 U.S.C. § 230 ("Section 230") "shields defendants who operate certain internet services from liability based on content created by a third party and published, displayed, or issued through the use of the defendant's services."  Cohen v. Facebook, Inc., 252 F. Supp. 3d 140, 155 (E.D.N.Y. 2017).[1]

Specifically, Section 230(c)(1) provides immunity if "the defendant (1) is a provider or user of an interactive computer service, (2) the claim is based on information provided by another information content provider and (3) the claim would treat [the defendant] as the publisher or speaker of that information." Id. at 155 (citing FTC v. LeadClick Media, LLC, 838 F.3d 158, 173

---

[1] "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  § 230(c)(1).

5

(2d Cir. 2016) (alteration in original) (internal quotation marks and citations omitted). "Where a defendant establishes these requirements based on the face of a complaint, a motion to dismiss may be granted." Id. at 156.[2]

"The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). As aggregators of third-party content, search engines, including Google have repeatedly been found to fall within this definition. Manchanda v. Google, No. 16 CV 3350, 2016 WL 6806250, at *2 (S.D.N.Y. Nov. 16, 2016) (reasoning that search engines enable users to search the internet for specified terms returning websites generated by third parties that match those terms). See also LeadClick, 838 F.3d at 174 (collecting cases).

On the other hand, an "information content provider" is defined to include "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). This excludes one that is merely an interactive computer service provider. See LeadClick, 838 F.3d at 174 ("[a] defendant will not be held responsible unless it assisted in the development of what made the content unlawful"). "[A] plaintiff defamed on the internet can sue the original speaker, but typically cannot sue the messenger." Ricci, 781 F.3d at 28 (internal quotations omitted); see also Carafano v. Metrosplash.com Inc., 339 F.3d 1119, 1125 (9th Cir. 2003) (granting immunity where defendant did not create or develop the particular information at issue). Thus,

---

[2] Though preemption under the CDA is an affirmative defense, "it can still support a motion to dismiss if the statute's barrier to suit is evident from the face of the complaint." Ricci, 781 F.3d at 28 (internal quotations omitted).

where a plaintiff does not allege that defendant created the content, but rather acted as a search engine and aggregator, that defendant is subject to immunity under the CDA. See Parker v. Google, Inc. 422 F. Supp. 2d 492 (E.D.Pa. 2006), aff'd, 242 Fed. Appx. 833 (3d Cir. 2007) (finding Google immune under the CDA for archiving, caching, or providing access to content created by a third party); Murawski v. Pataki, 514 F. Supp. 2d 577, 591 (S.D.N.Y. 2007) ("[d]eciding whether or not to remove content or deciding when to remove content falls squarely within [a search engine's] exercise of a publisher's traditional role and is therefore subject to the CDA's broad immunity"); Manchanda, 2016 WL 6806250, at *2 (finding defendant had no obligation to remove or de-index the alleged injurious links).

The CDA has been interpreted "to give search engines broad immunity from defamation and other related causes of action resulting from their aggregation and republication of third-party content." Manchanda, 2016 WL 6806250, at *2. "This immunity attaches regardless of the specific claim asserted against the search engine, so long as the claim arises from the publication or distribution of content produced by a third party and the alleged injury involves damage to a plaintiff's reputation based on that content." Id. (dismissing claims sounding in defamation, libel, slander, intentional infliction of emotional distress and negligent infliction of emotional distress claims, civil RICO, breach of fiduciary duty, among others).[3] See also Sikhs for Justice, Inc. v. Facebook, Inc., 697 Fed. Appx. 526, 526 (9th Cir. 2017) (finding Title II claim barred under CDA's immunity provisions); Ascentive, LLC v. Opinion Corp., 842 F. Supp. 2d 450 (E.D.N.Y. 2011) (denying preliminary injunctive relief under the CDA).

---

[3] The CDA provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." § 230(e)(3). The statute also contains narrow exceptions related to criminal law and intellectual property law that are inapplicable here. § 230(e)(1)-(4).

Here, by plaintiff's own admission, the alleged defamatory material was not created by defendant. (Compl. ¶ 1-2.) Rather, the alleged defamatory article was published by a third party and merely displayed on defendant's search engine. (Id.) Thus, the CDA's broad protection for internet publishers immunizes Google from liability for plaintiff's alleged injury and further protects defendant from any obligation to remove or de-index any links. Therefore, pursuant to the CDA's immunity provisions, defendant's motion to dismiss is granted in its entirety.

### C. Failure to State a Claim

Though defendant is immune from plaintiff's claim under the CDA, plaintiff has also failed to satisfy the pleading requirements. As discussed above, a claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Here, as is readily apparent, plaintiff's nonsensical and conclusory allegations that, for example, "defendant's conduct directly and proximately caused injury to the plaintiff in the form of discrimination, assassinated my character causing both real and intangible issues, menacing, bullying, harassment and intimidation, fear, stress, embarrassment, expense, inconvenience and anxiety", fail to set forth any facts amounting to a cognizable claim. Therefore, defendant's motion to dismiss is granted on these additional grounds.

### D. Leave to Amend

Pro se plaintiffs are ordinarily given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation omitted). Nevertheless, "a district court may deny a pro se plaintiff leave to amend when amendment would be futile." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17,

8

2009). Here, the Court has carefully considered whether plaintiff should be granted leave to amend the complaint. Having decided plaintiff's claims are subject to the CDA's immunity provisions, the Court determines that amendment of these claim would be futile.

### III. CONCLUSION

For the reasons stated above, the Court grants defendant's motion and dismisses plaintiff's claims with prejudice. The Clerk of Court is directed to close this case and send a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Dated: February 1, 2018
      Central Islip, New York

          /s/ (JMA)
Joan M. Azrack
United States District Judge