UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
RACQUEL K MCPHERSON,

                                      Plaintiff,              **ORDER**
                                                                  17-cv-03418 (JMA)
        -against-

GOOGLE INC.,

                                  Respondent.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Plaintiff's motion for reconsideration, (ECF No. 20), of the Court's February 1, 2018 Order dismissing the Complaint, (ECF No. 16), as well as the Court's February 28, 2023 Order denying Plaintiff's motion to seal this case, (ECF No. 19), are denied.

       Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions . . . ." Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation omitted), aff'd, 577 F. App'x 11 (2d Cir. 2014). A motion filed under Federal Rule of Civil Procedure 59(e) "must be filed no later than 28 days after the entry of the judgment." Cohen v. Jamison, No. 23-CV-1304 (LTS), 2023 WL 3412762, at *1 (S.D.N.Y. May 12, 2023). Further, "[a] motion brought under Local Civil Rule 6.3 must be filed within 14 days 'after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment.'" Id. at *2. "The standard for granting such a motion is strict, and reconsideration

will generally be denied unless the moving party can point to controlling decisions or data that the court over looked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  A motion to alter a judgment under Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Fireman's Fund Ins. Co. v. Great Am. Ins. Co., 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y., 524 F. App'x 727, 729 (2d Cir. 2013)).  Indeed, a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  Further, it is within the sound discretion of the district court whether or not to grant a motion for reconsideration.  See Gupta v. Attorney Gen. of United States, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014).

Here, as a threshold matter, Plaintiff's motion is brought well beyond the respective 28-day or 14-day time periods given that judgment was entered on February 6, 2018, (ECF No. 17), and the Court denied Plaintiff's motion to seal on February 23, 2023.  Even if timely filed, having examined the motion for reconsideration, Plaintiff has not met this exacting standard.  Rather, Plaintiff complains that the public information about this case "is having a negative effect on my search for a weekly paying job."  (ECF No. 20.)  Accordingly, the Plaintiff's motion for reconsideration is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).   The

Clerk of the Court is directed to mail a copy of this Electronic Order to the Plaintiff at her address of record.

**SO ORDERED.**

Dated:  August 21, 2023
       Central Islip, New York

                                                                                          /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE